# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK RUDOLPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1780-JAR |
| | ) | |
| JEFFERSON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's first amended complaint [ECF No. 7] and supplement [ECF No. 10]. For the reasons stated below, the Court will (1) order defendants Vernon Martin III, Unknown Jordan, and Unknown Williams to file a responsive pleading to the amended complaint; and (2) dismiss this action without prejudice against defendants Jefferson County Jail, Oliver G. Boyer, and Unknown Litton.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Jefferson County Jail, Vernon Martin, III (Correctional Officer, Jefferson County Jail), Unknown Jordan (Jefferson County Police Officer), Unknown Williams (Jefferson County Police Officer), Oliver G. Boyer (Warden/Sheriff, Jefferson County Jail), and Unknown Litton (Correctional Officer, Jefferson County Jail).

Plaintiff alleges that (1) defendants Williams, Martin, and Jordan physically assaulted and used excessive force against him in the processing area of the Jefferson County Jail on June 6, 2011, in violation of plaintiff's Fourteenth Amendment rights; (2) defendant Boyer failed to provide for "the safety and welfare of [plaintiff]"; and (3) defendant Litton "refused to allow [plaintiff] to follow through with the grievance process." Plaintiff is suing defendants in their individual capacities.

**I. Defendants Williams, Martin, and Jordan**

Having carefully reviewed plaintiff's allegations, the Court finds that plaintiff has stated Fourteenth Amendment claims against defendants Williams, Martin, and Jordan, in their individual capacities. Therefore, the Court will order that said defendants file a responsive pleading to the amended complaint.

## II. Defendants Jefferson County Jail, Boyer, and Litton

The Court will dismiss this action against Jefferson County Jail, because jails are not suable entities under § 1983. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(en banc)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

The amended complaint will be dismissed as legally frivolous as to defendant Boyer, because plaintiff does not set forth any facts indicating that Boyer was directly involved in or personally responsible for the violation of his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff's summary claim that Boyer failed to provide for his safety and welfare is a mere conclusory statement and will not be given an assumption of truth. *See Iqbal*, 129 S. Ct. at 1950-51*; Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general

responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

The Court will also dismiss this action as to defendant Unknown Litton for allegedly refusing to allow plaintiff to follow through with the grievance process, because this allegation does not rise to the level of a constitutional violation and fails to state a claim or cause of action under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(prison officials' failure to process grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this case as *Patrick Rudolph v. Jefferson County Jail, Vernon Martin, III, Unknown Jordan, Unknown Williams, Oliver G. Boyer, and Unknown Litton*.

**IT IS FURTHER ORDERED** that defendants Vernon Martin III, Unknown Jordan, and Unknown Williams, in their individual capacities, shall timely file a responsive pleading directed to plaintiff's amended complaint [ECF No. 7].

**IT IS FURTHER ORDERED** that, as to defendants Jefferson County Jail, Oliver G. Boyer, and Unknown Litton, the Clerk shall not issue process or cause process to issue upon the amended complaint, because the allegations are legally

frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of March, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**