UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK RUDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1780-JAR |
| ) | |
| JEFFERSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for the Appointment of Counsel. [ECF No. 27] For the following reasons, Plaintiff's motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir.2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") See also Sours v. Norris, 782 F.2d 106, 107 (8th Cir.1986) (citation omitted).

Once Plaintiff alleges a prima facie claim, the Court must determine Plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir.1986). The standard for appointment of counsel in a civil case is whether both Plaintiff and the Court would benefit from the assistance of counsel. Edwards v. Dwyer, 2008 WL 222511 at *1 (E.D.Mo., January 25, 2008)(citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Id. See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir.1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir.1986).

After reviewing Plaintiff's Petition, the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Plaintiff is clearly capable of articulating and presenting his claim. In his amended complaint, Plaintiff has set forth the name of each defendant he wishes to sue, the allegations supporting his claims as to each particular defendant, and the right(s) he claims each particular defendant violated. (Doc. No. 6) Pursuant to this Court's order, Plaintiff has filed a written supplement to his amended complaint clarifying that he is suing the individual defendants in their individual capacities. (Doc. No. 10)

For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Plaintiff's motion should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Counsel [27] is **DENIED** without prejudice.

Dated the 11th day of September, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE